FLETCHER, Judge.
Old Tampa Bay Enterprises, Inc. [OTB] petitions for a writ of certiorari quashing the trial court’s order disqualifying OTB’s attorney from further representing it in this wrongful death action. We grant the petition and quash the order.
The Estate of City of Miami police officer Carlos Santiago sued OTB, along with General Electric [GE] and several other defendants, for negligence in the officer’s death brought about by his fall through an opening on the Flagler Street bridge. The defendants asserted common defenses and participated together in several pre-suit defense proceedings and conferences,[1] doing so notwithstanding that there are other, adverse issues among the defendants. OTB moved for summary judgment, contending that codefendant GE was the responsible party. Being unsuccessful with the motion, OTB made it known that at trial it would support the plaintiff Estate’s *518 position and attempt to prove that GE was responsible for officer Santiago’s death. GE responded with a motion seeking the disqualification of OTB’s attorney as being necessary to prevent unauthorized and improper disclosure to the plaintiff Estate of joint defense confidential and privileged information. The trial court granted GE’s motion and ordered OTB’s counsel disqualified from further representing OTB in the case.
Assuming there was a joint defense agreement entered into between the parties’ counsel by conduct or otherwise, the trial court improperly disqualified OTB’s attorney from representing his client in order to prevent disclosure by that party of alleged protected information. Disqualification should be resorted to sparingly. Carnival Corp. v. Romero, 710 So.2d 690 (Fla. 5th DCA 1998). In the case of a joint defense agreement where there are not only defenses common to the defendants but also adverse issues between the defendants, and the agreement is silent as to attorney disqualifications, it is inappropriate to disqualify one of the defense attorneys because he or she is planning on asserting one or more of the defenses adverse to another defendant. The parties are aware of the adverse positions they have taken. If one “joint defense” defendant’s attorney must be disqualified because of the assertion of inimical positions, then the attorney for the other “joint defense” defendant who asserts inimical positions must also be disqualified. That is a garden path down which we certainly should avoid hiking.
The appropriate action under the circumstances is to enter an order directing all parties to the joint defense agreement to maintain any and all confidences gained through the agreement regarding those defenses held in common. We therefore quash the order of disqualification and remand for proceedings consistent with this opinion.
Certiorari granted; order reversed and remanded.

. Although there was no formal, written joint defense agreement.